# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LEON T., | |
| Plaintiff, | |
| v. | 2:22-cv-00456-VCF |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | **ORDER** |
| Defendant. | MOTION FOR REVERSAL AND/OR REMAND [ECF NO. 17]; MOTION TO AFFIRM [ECF NO. 21] |

This matter involves Plaintiff Leon T.'s appeal from the Administrative Law Judge's ("ALJ") final decision denying his social security benefits. Before the Court are Leon T.'s Motion for Reversal and/or Remand (ECF No. 21) and the Commissioner's Cross-Motion to Affirm and Response (ECF Nos. 22). For the reasons stated below, the Court denies Plaintiff's Motion to Remand and grants the Commissioner's Cross-Motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

1

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded that Plaintiff has not engaged in substantial gainful activity since March 16, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*). (AR[1] at 22). The ALJ found Plaintiff has the severe impairment of degenerative disc disease of the lumbar spine (20 CFR 404.1520(c) an 416.920(c)) which had "significantly limit the ability to perform basic work activities as required by SSR 85-28." (*Id.*). and diagnostic findings. (*Id.* at 39). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 23).

---

[1] The Administrative Record ("AR") is found at ECF No 18.

The ALJ concluded Plaintiff had the residual functional capacity to perform a range of light work, as defined in 20 CFR 404.1567(b) and 416.967(b): He can lift and/or carry twenty pounds occasionally and ten pounds frequently. He can stand and/or walk for a total of four hours, and sit for about six hours in an eight-hour workday, with normal breaks. He can push and/or pull and foot controls [sic] without limitation, except as indicated for lifting and carrying. He can frequently climb ramps and/or stairs, balance and crawl, and occasionally climb ladders, ropes and/or scaffolds, stoop, kneel, and crouch. He must avoid concentrated exposure to extreme cold, fumes, dusts, odors, poor ventilation, and hazards. (AR 23). The ALJ found that the claimant's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with medical and other evidence. (AR 24).

The ALJ found Plaintiff cannot perform any past relevant work, but can perform other jobs that exist in significant numbers in the national economy. (*Id*. at 27). The ALJ also found that Plaintiff meets the insured status requirements of the Social Security Act. (*Id.* at 22). Overall, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from March 16, 2018, through the date of the decision on February 10, 2021. (*Id*. at 29).

Plaintiff challenges the ALJ's conclusions on the following grounds: 1) whether the ALJ's residual functional capacity assessment lacks the support of substantial evidence (ECF No. 21 at 6), (2) whether the ALJ properly rejected Dr. Gross' opinion, and (3) whether the ALJ failed to articulate clear and convincing reasons for discounting Leon T.'s subjective limitation testimony.

**I. Whether the ALJ's residual functional capacity assessment lacks the support of substantial evidence and II. whether the ALJ properly rejected Dr. Gross' opinion.**

Plaintiff states that the ALJ failed to properly evaluate the medical evidence in assessing Leon T.'s RFC. 20 C.F.R. §§ 404.1520(e) and 416.920(e). Plaintiff states that the ALJ's rejection of Dr. Gross's

opinion is based on a mischaracterization of the evidence. Plaintiff also states that Dr. Gross had the proper foundation for the opinions expressed and that the ALJ stated no valid reason for rejecting those opinions. (ECF No. 21).

Leon T.'s neurosurgeon, Jeffrey Gross, M.D., authored a treatment source statement in September 2020. AR 1917-1919. Dr. Gross indicated that he treated Leon T. monthly since March 2018. Dr. Gross indicated that Leon T. had positive findings on physical examination, including pain and tenderness, reduced range of motion with pain, sensory loss. (AR 1917). Dr. Gross opined that Leon T. can stand/walk for less than two hours in an eight-hour workday, and sit for about four to six hours a day, can occasionally lift 20 pounds, but would miss work about three days per month.

The issue is whether the ALJ properly rejected Dr. Gross's opinion. For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. §§ 404.1520c and 416.920c governs how an ALJ must evaluate medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules), 82 Fed. Reg. 5844, available at 2017 WL 168819 (Jan. 18, 2017). Under these new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. § 404.1520c(a)-(b).

In evaluating medical opinion evidence, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, when a medical source provides an opinion, an ALJ will consider:

(1) how well the source supported his opinion using objective medical evidence and explanations;

(2) how consistent the opinion is with the evidence from other medical and nonmedical sources;

(3) the length, purpose, and extent of the source's relationship with the claimant and the frequency of any examinations;

(4) the source's specialty; and

(5) other factors, including the source's familiarity with the claimant's other medical evidence and Social Security disability program policies.

20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors for determining a medical opinion's persuasiveness are supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b); *see also Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022). Significantly, to reject a medical opinion, an ALJ only needs to provide an explanation that is supported by substantial evidence. *Woods*, 32 F.4th at 787 ("[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when discounting Dr. Gross' opinion. The ALJ evaluated and weighed opinion evidence from State agency medical consultants Y. Schwartz, M.D., and M. Keer, D.O., and properly discounted Dr. Gross' opinions regarding Plaintiff's functional limitations. AR 26-27.

The ALJ gave clear and legitimate reasons for why he found Dr. Y. Schwartz, M.D., and M. Keer, D.O.'s opinion to be more persuasive. AR 26-27; *see also* AR 280-83, 292-95, 307-11, 318-22). Both doctors found that Plaintiff could perform a limited range of light work and that he had the capacity to stand and/or walk for four hours in an eight-hour workday and to sit for approximately six hours in an eight-hour workday. (AR 280, 292, 307, 318). The ALJ concluded that the findings from Drs. Schwartz and Keer were persuasive because they were supported by, and consistent with, the evidence cited in their reports and the more recent evidence discussed above. (AR 26-27). Plaintiff did not challenge that portion of the ALJ's decision. *See* ECF No. 21 at 6-9. The findings from Drs. Schwartz and Keer provided additional, substantial evidence for the ALJ to discount Dr. Gross' opinions. (AR 27).

Plaintiff argues that the ALJ's decision to discount Dr. Gross' opinions was flawed for three main reasons.

Plaintiff claims that the ALJ "mischaracteriz[ed]" Dr. Gross' opinion. ECF No. 21 at 8. As discussed above, Dr. Gross opined that Plaintiff could "stand/walk" for "less than 2 hours" or "about 2 hours" in an eight-hour workday and that he could sit for "about 4 hours" or "at least 6 hours" in an eight-hour workday. (See AR 1919). The ALJ interpreted Dr. Gross' opinion to mean that Plaintiff "could not perform an eight-hour" workday. (AR 27). Plaintiff interpreted the opinion to say that he could stand, walk, and/or sit "at a frequency that would add up to at least eight hours." ECF No. 21 at 8. Plaintiff states that Dr. Gross' opinion was ambiguous, thus, the ALJ's interpretation was reasonable. *See Treichler v. Comm'r*, 775 F.3d 1090, 1098 (9th Cir. 2014) (a court "leaves it to the ALJ" to resolve conflicts and ambiguities in the evidence). Plaintiff's allegation that the ALJ mischaracterized the record is, therefore, an inaccurate characterization of the record and not a basis for remand. Plaintiff states that the ALJ's reasons for discounting Dr. Gross' opinions, including Dr. Gross' belief that Plaintiff would miss two or three days of work per month, were still valid regardless of how the ALJ characterized Dr. Gross' sit/stand/walk opinion.

Plaintiff argues that the ALJ erred in concluding that "Dr. Gross' opinion is unsupported" because some medical records supported Dr. Gross' opinion. ECF No. 21 at 8. Plaintiff points to new evidence that he submitted to the Appeals Council and argues that this Court must consider that evidence in determining whether the ALJ's decision was supported. *Id.* (citing AR 64, 108, 111). There are two problems with Plaintiff's claim.

Regulations prohibited the Appeals Council from considering the medical evidence at AR 57-67 and AR 105-231 because it was from the period after the ALJ's decision. *See* 20 C.F.R. §§ 404.970(a)(5), (c), 416.1470(a)(5), (c); *see also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) ("The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision.") (emphasis

added). The Appeals Council explicitly stated that it would not consider Plaintiff's post-decision evidence in its denial of review. (AR 2 ("The Administrative Law Judge decided your case through February 10, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 10, 2021.")).

The ALJ evaluated and properly discounted Jeffrey Gross, M.D.'s opinions. (AR 27). To reject a medical opinion, an ALJ only needs to provide an explanation that is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence."). In September 2020, Dr. Gross completed a checkbox questionnaire that indicated that Plaintiff had significant limitations. (AR 1917-19). According to Dr. Gross, Plaintiff could only "stand/walk" for "less than 2 hours" or "about 2 hours" in an eight-hour workday, and he could only sit for "about 4 hours" or "at least 6 hours" in an eight-hour workday. (AR 1919). Dr. Gross also believed that Plaintiff would miss approximately two or three days of work per month because of his alleged physical impairments. (AR 1919). Dr. Gross did not provide much explanation for his conclusions. (*See generally* AR 1917-19). The ALJ determined that Dr. Gross' opinions were "not persuasive" because they were "not consistent with other record evidence," including the State agency consultants' findings and Plaintiff's 2020 medical records. (AR 27). Substantial evidence supports this conclusion. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see also Woods*, 32 F.4th at 787.

The ALJ properly discounted Dr. Gross' opinions because they were not consistent with Plaintiff's medical improvement over time. (AR 27). The record indicates that Plaintiff's condition improved in 2020 and was not as serious as it had been in the past. In August 2020, Plaintiff went to the emergency room complaining of back pain that radiated into his left leg and hip. (AR 26-27, 1929, 1931). However, he was not in acute distress. (AR 26-27, 1931). Plaintiff had diffuse lumbar tenderness and mild tenderness to palpation of the left hip, he did not have any motor or sensory deficits and he could walk without

assistance. (AR 26-27, 1931). X-rays showed that Plaintiff's lumbar spine was normal and that his hip did not have acute bone or joint abnormalities. (AR 26-27, 1932). An August 2020 MRI of Plaintiff's spine showed no disc herniation, no narrowing of Plaintiff's spinal canal (spinal stenosis) or in the openings between Plaintiff's vertebrae (foraminal stenosis), that Plaintiff's nerves were not compromised, and that Plaintiff's spine was properly aligned. (AR 26-27, 1907). A subsequent October 2020 MRI showed that Plaintiff's lumbar spine was properly aligned, that his L1-2 though L4-5 vertebrae were normal, that he had "minimal," insignificant degenerative disk disease in the L5-S1 vertebrae, and that he had "no significant abnormality involving the lumbar spine." (AR 26-27, 1920).  Substantial evidence supports the ALJ's conclusion that, although Plaintiff had some functional limitations, he was not as limited as Dr. Gross suggested in September 2020. (AR 27).   The ALJ also properly discounted Dr. Gross' opinions because they were not consistent with the findings by State agency medical consultants Y. Schwartz, M.D., and M. Keer, D.O. (AR 26-27; *see also* AR 280-83, 292-95, 307-11, 318-22). Both doctors found that Plaintiff could perform a limited range of light work and that he had the capacity to stand and/or walk for four hours in an eight-hour workday and to sit for approximately six hours in an eight-hour workday. (AR 280, 292, 307, 318).

At the initial review level, Dr. Schwartz found that Plaintiff had the capacity to do light work with some exertional and postural limitations; these findings were consistent with the ALJ's RFC determination. (AR 23, 279-81, 291-93). Dr. Schwartz concluded that restricting Plaintiff to a limited range of light work addressed the limitations from Plaintiff's medical conditions and his alleged pain. (AR 280-81, 283, 292-93, 295). At the reconsideration level, Dr. Keer also found that Plaintiff had the capacity to do light work with some exertional and postural limitations; these findings were also consistent with the ALJ's residual functional capacity determination. (AR 23, 307-09, 318-20).

The ALJ stated that the findings from Drs. Schwartz and Keer were "supported by, and consistent with, other record evidence, including the evidence cited in their reports." (AR 26-27).

Even if Plaintiff is right that some pre-decision evidence supports Dr. Gross' opinion, *see* ECF No. 21 at 8, other evidence undermines it (*see* AR 26-27). Where record evidence is susceptible to more than one rational interpretation, this Court must uphold the ALJ's findings. *See Burch*, 400 F.3d at 680-81 ("we must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"); *Moore v. Kijakazi*, 2022 WL 716811, at *5 (D. Nev. Mar. 10, 2022) ("[T]he issue before the reviewing court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence."); *see also Winans v. Bowen*, 853 F.2d 643, 644 (9th Cir. 1987) (a reviewing court "may not reweigh the evidence").

**III. Whether the ALJ failed to articulate clear and convincing reasons for discounting Leon T.'s subjective limitation testimony.**

Plaintiff states that once he has demonstrated the existence of a condition that would cause some degree of pain and dysfunction, the burden shifted to the Commissioner through the ALJ to articulate reasons for rejecting the pain and limitation testimony. (ECF No. 21). Social Security Ruling 16-3p. When no evidence of malingering exists in the record, the ALJ must articulate clear and convincing reasons for rejecting the pain and limitation testimony. *Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) (amended). The articulations must address specific testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

Defendant argues that the ALJ properly evaluated Plaintiff's symptom testimony. (ECF NO. 22).

The court agrees. The ALJ gave valid reasons for concluding that Plaintiff's subjective symptom allegations were inconsistent with the record. The ALJ identified the aspects of Plaintiff's testimony that were not consistent with the evidence in the record, (AR 24), identified and discussed that record evidence, (AR 24-27), and explained why the record evidence contradicts Plaintiff's testimony (AR 24-27).

The ALJ stated that plaintiff's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c)(3) and 41.6.929(c)(3) describes the kinds of evidence that he must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms. The ALJ considered evidence that includes:

1. The claimant's daily activities

2. The location, duration, frequency, and intensity of the claimant's pain or other symptoms

3. Factors that precipitate and aggravate the symptoms

4. The type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate the pain or other symptoms.

5. Treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms.

6. Any measures other than treatment the claimant uses or has used to relieve pain or other symptoms.

7. Any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

The ALJ took plaintiff's testimony into consideration and stated that he found plaintiff's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms; however, the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with medical and other evidence. (AR 24). The ALJ reviewed plaintiff's medical evidence beginning from 2017 to 2020 and discussed it in depth in his findings. (AR 23 – 27). In August 2020, the plaintiff went to Sunrise Hospital emergency department reporting worsening back pain that radiated into his left lateral leg and hip (Ex. 22F). Plaintiff was in no acute distress (Ex. 22F/3). Plaintiff had diffuse lumbar tenderness and mild tenderness to palpation of the left hip, but no motor or sensory deficits.

Plaintiff could not ambulate without assistance. An x-ray showed a normal lumbar spine, and a hip x-ray showed no acute or bone or joint abnormality (Ex. 22F/4). A prior August 7, 2020 MRI showed no significant disc herniation, and no canal or foraminal stenosis (Ex. 17F/1). A subsequent October 2020 lumbar MRI showed no significant abnormality (Ex 20F/1). (AR 26).

The ALJ did not find that Plaintiff could perform heavy, medium, or even the full range of light work. *See* 20 C.F.R. §§ 404.1567, 416.967. The ALJ accepted that Plaintiff's impairments significantly limited his functional abilities. (AR 23). For example, to address Plaintiff's alleged back pain, ankle pain, and neuropathy the ALJ restricted Plaintiff to light work with significant exertional and postural limitations. (AR 23-27). The medical evidence supported the ALJ's conclusion that Plaintiff was not disabled, and it provided substantial evidence to discount Plaintiff's subjective symptom testimony. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (objective medical evidence "is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work"). A person does not have to be symptom free to be able to work. *Fair*, 885 F.2d at 603 ("[M]any medical conditions produce pain not severe enough to preclude gainful employment."). The record demonstrates that, although Plaintiff consistently reported lower back and leg pain after his alleged March 16, 2018, onset date, his symptoms were generally mild to moderate and responded to treatment.

The ALJ set forth clear and valid reasons for discounting Plaintiff's subjective testimony, supported by substantial evidence in the record. Although Plaintiff disagrees with the ALJ's findings, such subjective disagreement is not a basis for this Court to remand. *See Molina*, 674 F.3d at 1111 ("we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record"); *Thomas*, 278 F.3d at 959 ("[i]f the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing"); *Winans v. Bowen*, 853 F.2d 643, 644 (9th Cir. 1987) (a

reviewing court "may not reweigh the evidence").

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and/or Remand (ECF No. 21) is DENIED, and the Commissioner's Cross-Motion to Affirm (ECF No. 22) is GRANTED.

The Clerk is directed to enter FINAL JUDGMENT in favor of the Defendant.

DATED this 11th day of May 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE